OPINION OF THE COURT — by
Chief Justice TURNER.
The defendants were tried and found guilty, on a presentment, in the criminal court of Adams county, for unlawfully suffering a bridge over St. Catharine’s creek to be and remain for a long space of time, out of repair, and in a dangerous condition. A motion was made for a new trial, and a motion in arrest of judgment. The judge of the criminal court, doubting as to the rule of decision, referred those motions, with the consent of the defendants to this court, and sent up a statement of the evidence given on the trialj and of the points on which the court doubted.
As both these motions were entertained by the court, and were sent up for the purpose of having the law settled, we will first consider, whether the commissioners of roads are liable to this mode of prosecution. These officers are created by statute, and all their duties are prescribed by statute: they are not commissioned, nor are they judicial officers. They are vested with important powers, and the highways of the county are entirely and exclusively under their care. The statute is silent as to the mode of punishment, for neglect of duty. They are certainly not impeachable before the legislature Are we to consider them irresponsible for neglect of duty towards the public? We think not. Judging by analagous cases, we have abundant authority for sustaining this presentment.
Overseers of roads, and the road commissioners in the other counties of the state have ever be.en liable to this mode of prosecution; and if these ’commissioners should be considered exempt therefrom, we should not be enabled to enforce the provisions of the statute. The road law would become a dead letter, or be left dependent, for its due execution, on the irresponsible will and pleasure of the commissioners. — Reason, authority, *369 and public convenience, all unite in sustaining this mode of prosecution.
As to the second point, the evidence supports the verdict, and wc see no ground whatever on which to disturb it.
It is therefore considered that the motion for a new trial be overruled, and also the motion in arrest of judgment: and the court, being required by law to give judgment, it is ordered that the defendants pay a fine of ten dollars each, and pay the costs of prosecution.